IN RE: NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION STU-
DENT–ATHLETE CONCUSSION IN-
JURY LITIGATION

Adrian Arrington, et al.

v.

National Collegiate Athletic
Association, et al., N.D.
Illinois,

C.A. No. 1:11–06356.

Chris Walker, et al.

v.

National College Athletic Association,
et al., E.D. Tennessee.

C.A. No. 1:13–00293.
MDL No. 2492.

United States Judicial Panel on
Multidistrict Litigation.

Dec. 18, 2013.

Before JOHN G. HEYBURN II,
Chairman, PAUL J. BARBADORO,
CHARLES R. BREYER, LEWIS A.
KAPLAN, SARAH S. VANCE, and
ELLEN SEGAL HUVELLE, Judges of
the Panel.

TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel** [*]: Pursuant to 28
U.S.C. § 1407, plaintiffs in the Northern

District of Illinois *Arrington* action move
to centralize this litigation in that district.
This litigation currently consists of two
actions pending in two districts.[1]  Common
defendant National Collegiate Athletic As-
sociation (the NCAA) does not oppose the
motion.  Plaintiffs in the Northern District
of Georgia *Caldwell* potential tag-along ac-
tion suggest centralization in the Northern
District of Georgia or, alternatively, the
Southern District of Indiana.

Plaintiffs in the Eastern District of Ten-
nessee *Walker* action and potential tag-
along actions pending in the Southern Dis-
trict of Indiana and the Western District
of Missouri oppose the motion.[2]  The
Southern District of Indiana *DuRocher* po-
tential tag-along plaintiffs alternatively
suggest centralization in the Southern Dis-
trict of Indiana.  Helmet manufacturer de-
fendants in the *DuRocher* potential tag-
along action [3] oppose centralization and re-
quest, if centralization is granted, the
claims against them be severed and remain
in the Southern District of Indiana.  They
support centralization in the Southern Dis-
trict of Indiana, in the alternative.

The actions before the Panel seek medi-
cal monitoring for putative classes of for-
mer student-athletes at NCAA-member
schools who allege they suffered concus-
sions.  Plaintiffs allege that the NCAA
concealed information about the risks of
the long-term effects of concussion inju-
ries.  Opponents to centralization argue,

[*] Judge Marjorie O. Rendell did not participate
in the disposition of this matter.

[1] The Panel has been notified of eight related
actions pending in the Northern District of
Florida, the Northern District of Georgia, the
Southern District of Indiana, the District of
Minnesota, the Eastern District of Missouri,
the Western District of Missouri, the District
of South Carolina, and the Western District of
Tennessee.  These and any other related ac-
tions are potential tag-along actions. *See* Pan-
el Rules 1.1(h), 7.1 and 7.2.

[2] The *Walker* plaintiffs opposed centralization
in their briefs, but at oral argument, argued in
favor of centralization in the Southern Dis-
trict of Indiana.

[3] Kranos Corp. d/b/a Schutt Sports (Schutt
Sports);  and Riddell, Inc.;  All American
Sports Corporation;  Riddell Sports Group,
Inc.;  Easton–Bell Sports, Inc.;  Easton–Bell
Sports, LLC;  EB Sports Corp.;  and RBG
Holdings Corp. (collectively, Riddell).

*inter alia,* that (1) the putative classes and claims alleged in these actions do not sufficiently overlap; and (2) given the small number of actions pending, alternatives to centralization are preferable. Opponents' arguments, while persuasive when the Section 1407 motion was first filed, are less compelling now given the current state of the litigation. Since the motion for centralization was filed, an additional eight related actions have been filed, most alleging overlapping putative classes of former football players at NCAA-member schools. The Northern District of Illinois *Arrington* action involves student-athletes who participated in additional sports, and the putative class alleged in that action is more limited in scope. Most of the actions now pending, however, involve nearly completely overlapping putative classes and claims. Moreover, we are persuaded that the overlap between *Arrington* and the remaining actions is sufficient to warrant centralization. Regardless of the scope of the putative classes alleged, all actions share common factual questions concerning the NCAA's knowledge of the risks of concussions in football players and its policies governing the protection of players from such injuries. Plaintiffs in all actions seek medical monitoring for putative class members.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations against the NCAA stemming from injuries sustained while playing sports at NCAA-member institutions, including damages resulting from the permanent long-term effects of concussions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The parties to the *DuRocher* potential tag-along action request exclusion of their action from centralized proceedings, and alternatively, the helmet manufacturer defendants seek separation and remand of the products liability claims against them. The *DuRocher* action presently is not before the Panel, as it is not part of the motion for centralization. Nevertheless, the Panel did discuss whether the liability claims against the helmet manufacturers should be centralized with the NCAA cases. We conclude that they should not be included. Therefore, we will place the NCAA claims in the *DuRocher* action on a conditional transfer order for centralized proceedings, but we will leave the claims against the helmet manufacturers in the transferor court.[4]

The Panel included similar products liability claims against Riddell in MDL No. 2323—*In re National Football League Players' Concussion Injury Litigation. See* 842 F.Supp.2d 1378 (J.P.M.L.2012). In that situation, however, the claims were pending in more than one action against only Riddell—the official helmet manufacturer of the National Football League (NFL). Moreover, plaintiffs in those actions suggested that Riddell and the NFL may have acted in concert in concealing the long-term effects of concussion injuries. Here, only one action brings claims against competing manufacturers, and plaintiffs do not allege any concerted action. It seems unlikely that the products liability claims would share sufficient overlap with the common claims against the

---

**4.** The parties may oppose the conditional transfer order, consistent with Panel Rule 7.1.

NCAA to warrant inclusion in centralized proceedings.

We are persuaded that the Northern District of Illinois is the most appropriate transferee district. The *Arrington* action has been pending there for more than two years and is far more advanced than the other recently-filed actions. This district also is reasonably close to the NCAA's headquarters in Indiana, where relevant documents and witnesses will be located.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John Z. Lee for coordinated or consolidated pretrial proceedings in that district.

\* Judge Marjorie O. Rendell did not participate